The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs and arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the holding of the prior Opinion and Award. The Full Commission, however, has modified the findings of fact relating to plaintiff's injury by accident and added a finding of fact and conclusion of law relating to plaintiff's average weekly wage and compensation rate.
*********
Prior to the hearing on 25 March 1996, the parties entered into a Pre-Trial Agreement which is incorporated herein by reference. Following the hearing, the record was held open in order to allow the parties to conduct medical depositions. In lieu of depositions, the parties decided to stipulate to the medical records in evidence.
*********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing on 25 March 1996 as:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Medical records marked as stipulated exhibit (1) were received into evidence.
3. Subsequent to the hearing, the parties submitted stipulated medical records that were marked as stipulated exhibit (2) and received into evidence.
4. Subsequent to the hearing, the parties stipulated to the admissibility of a sworn affidavit from Dr. Mehta.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a teaching assistant to Leslie Rummage, a resource teacher at the New London Elementary School. Plaintiff is assigned to assist a child, Adam Furr, who has cerebral palsy and is wheelchair bound. Plaintiff's job duties include escorting the child from classroom to classroom, opening doors for him, lifting him in and out of his wheelchair and changing his diapers as needed.
2. On 24 March 1994, plaintiff was escorting Adam Furr from one classroom building to another when she attempted to open a door to the building where his next class was to take place. When plaintiff reached to pull the door with her right hand, it was stuck and did not freely open as it had done on prior occasions. Plaintiff experienced a ripping sensation in her arm as she pulled on the door.
3. On 24 March 1994, plaintiff immediately reported how she had injured herself to her supervising teacher, Leslie Rummage.
4. The need to utilize an unusual degree of exertion to open the door to a classroom building by plaintiff on 24 March 1994 constitutes an interruption of plaintiff's regular work routine and the introduction thereby of unusual circumstances likely to result in unexpected consequences.
5. Plaintiff's work related injury of 24 March 1994 constitutes an injury by accident arising out of and in the course of her employment with defendant-employer.
6. As a result of her 24 March 1994 injury by accident, plaintiff sustained an atypical reflex sympathetic dystrophy to her right upper extremity originating in and around her right elbow.
7. As a result of her 24 March 1994 injury by accident, plaintiff was unable to earn wages in her former employment with defendant-employer or in any other employment for a total of sixty-five days through 25 March 1996, the date of the initial hearing.
8. At the time of the hearing on 25 March 1996, plaintiff had not reached maximum medical improvement with regard to the reflex sympathetic dystrophy in her right upper extremity.
9. During sometime in early February 1996, plaintiff exacerbated her right shoulder pain when she picked up an orange and threw it across the yard. Plaintiff did not experience any new symptoms as a result of this activity.
10. The pain that plaintiff sustained following the throwing of an orange was a direct and natural result of her 24 March 1994 injury by accident.
11. There is no evidence in the record as to whether plaintiff was a ten month employee or a twelve month employee. Furthermore, assuming that she was a ten month employee, there is no evidence in the record as to what her earnings were during the summer months.
12. Following arguments before the Full Commission, the Commission requested an Industrial Commission Form 22 Wage Chart from defendant. On 26 March 1997, the Commission received a Form 22 as requested. However, because the Form 22 was incompletely or incorrectly filled out, no accurate data regarding plaintiff's average weekly wage could be determined.
13. Because of the absence of evidence regarding plaintiff's schedule of employment and corresponding wages, the Full Commission finds that an alternative means must be used to determine plaintiff's average weekly wage. The only data of any kind in the record relating to any sort of average salary is a Stipulation by the parties that plaintiff's average monthly gross wage is $941.00.
14. The Full Commission finds that plaintiff's average weekly wage during the time in question was $217.15, yielding a compensation rate of $144.84. Additionally, the Full Commission finds that based on the evidence of record, this amount is fair to both parties.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 24 March 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer in that she sustained reflex sympathetic dystrophy to her right arm. G.S. § 97-2(6).
2. The Full Commission finds that plaintiff's average weekly wage during the time in question was $217.15, yielding a compensation rate of $144.84. G.S. § 97-2(5).
3. As the result of her 24 March 1994 injury by accident, plaintiff is entitled to have defendant pay temporary total disability compensation at the rate of $150.88 per week for seven and two-sevenths weeks. G.S. § 97-29.
4. Plaintiff is entitled to have the defendant provide all medical treatment arising from this injury by accident to the extent it tends or tended to effect a cure, give relief, or lessen plaintiff's disability. G.S. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation at the rate of $144.84 per week for seven and two-sevenths weeks. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
2. Defendant shall pay all medical expenses incurred or to be incurred for the treatment of the injury to plaintiff's right arm caused by the 24 March 1994 injury by accident.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph (1) of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel.
4. Plaintiff's claim for permanent partial disability to her right arm, if any, is RESERVED.
5. Defendants shall pay the costs.
 S/ ______________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER